# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JULIE NUTT and KEITH NUTT, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 3:16-CV-0002 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| BEST WESTERN INTERNATIONAL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

Before the Court are Defendant Best Western International's ("BWI") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 30), Motion to Strike Plaintiffs' Second Amended Complaint (Doc. 43), and Motion to Grant Motion to Dismiss as Unopposed (Doc. 44), and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 53).

## I. BACKGROUND

On January 4, 2016, Plaintiffs initiated this action against the above-captioned Defendants by filing a complaint with this Court. (Doc. 1). On May 12, 2016, Defendant BWI filed its first Motion to Dismiss for Lack of Jurisdiction. (Doc. 22). On May 24, 2016, Plaintiffs filed an Amended Complaint (Doc. 26), thereby rendering Defendant's motion to dismiss, moot. Thereafter, Defendant BWI filed a Motion to Dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction. (Doc. 30). This Court then granted Plaintiffs' Motion for Extension of Time to File a Brief in Opposition to Defendant's Motion to Dismiss. (Doc. 35). However, on June 27, 2016, rather than file their Brief in Opposition, Plaintiffs filed a Second Amended Complaint. (Doc. 36). Defendant BWI followed this filing with a Motion to Strike Plaintiffs'

Second Amended Complaint (Doc. 43), arguing that this filing was in violation of the Federal Rules of Civil Procedure, since Plaintiffs did not seek leave of court or have Defendant's consent.  Defendant BWI contemporaneously filed a Motion to Grant Defendant's Motion to Dismiss as Unopposed (Doc. 44), averring that Plaintiffs failed to oppose the same.  Plaintiffs have subsequently filed a Motion for Leave to File a Second Amended Complaint (Doc. 53), to which Defendant BWI opposes.

## II.  DISCUSSION

We first consider Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 53), and Defendant BWI's opposition to the same.  Federal Rule of Civil Procedure 15(a) unambiguously provides:

> (a)(1) **Amending as a Matter of Course**.  A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f), whichever is earlier.
>
> (2) **Other Amendments**.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15.  Although Rule 15 allows leave to amend be "freely given," district courts have the discretion to deny a motion for leave to amend where there is: (1) undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party.  See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

Plaintiff argues that they properly filed their second amended complaint in accordance with Rule 15(a)(1)(B), by filing within 21 days after Defendant BWI served them with a motion under Rule 12(b). (Doc. 54, at 8, 9). In support of this argument, they cite to Deeley v. Genesis Healthcare Corp., Civ. No. 10-cv-1242, 2010 WL 3239352 (E.D. Pa. Aug. 16, 2010), for the proposition that there are two reasonable interpretations of Rule 15: "(1) a party only has one opportunity to amend its pleading as a matter of course, or (2) each time a party files a pleading, including an amended complaint, it has a new opportunity to amend that pleading as a matter of course." Deeley, 2010 WL 3239352, at * 2.

Plaintiffs further argue that even if their amendment was improper, and leave was required before the filing of their second amended complaint, this Court is not precluded from accepting it on a retroactive filing of a motion for leave to file. (Doc. 54, at 9). One particular case Plaintiffs cite to in support of this argument is Thomas v. Ne. Edu. Intermediate Unit 19, 2008 WL 314373 (M.D. Pa. Feb. 1, 2008). Notably, counsel for Plaintiffs in this instant matter, were counsel for Plaintiffs in the Thomas case. In Thomas, District Judge Richard Caputo granted in part and denied in part, Plaintiffs' Motion for Leave to File a Second Amended Complaint. Thomas, 2008 WL 314373, at *1. However, Judge Caputo granted that motion only after he had stricken Plaintiffs' second amended complaint for failure to follow Federal Rule of Civil Procedure 15.[1] (Id).

Defendant BWI counters Plaintiffs' argument, *i.e.* that there are two reasonable

---

[1] The Court notes that the facts in Thomas are distinguishable from the instant case, in that in reviewing the record in Thomas, Plaintiffs filed a Second Amended Complaint prior to Defendants filing a responsive pleading to Plaintiffs' Amended Complaint. Here, however, unlike the Defendants in Thomas, Defendant BWI in this action has filed a responsive pleading, to which Plaintiffs then filed a Second Amended Complaint.

interpretations of Rule 15(a) which allows a plaintiff to file a second amended complaint without approval or consent, by citing to the same case as Plaintiffs: Deeley v. Gensis Healthcare Corp. Specifically, Defendant BWI points out that the Deeley court acknowledged that there could be two interpretations of Rule 15, however, the court went on to provide that "the Court of Appeals interpreted Rule 15(a) to mean that '[a]fter amending once ... the plaintiff may amend only with leave of court or the written consent of the opposing party ...'. " (Doc. 59, at 7). Deeley, 2010 WL 3239352 , at *2 (quoting Fauver v. Shane, 213 F.3d 113, 115 (3d Cir. 2000)).

As stated by the Deeley court, "District Courts have applied Rule 15(a) in accordance with the Court of Appeals' interpretation in Fauver. Deeley, 2010 WL 3239352, at *2. Thus, Plaintiffs' Second Amended Complaint was improperly filed since Plaintiffs' failed to obtain leave of court or consent of defendants prior to filing as required under Rule 15(a). However, Plaintiffs' noted failure does not preclude this Court from accepting their Second Amended Complaint. See Deeley,  2010 WL 3239352 , at *2 -4; Lehman v. Diamond Dev. Co., Civ. No. 10-cv-0197, 2010 WL 2265876 (M.D.Pa. June 2, 2010) (granting plaintiff leave to re-file second amended complaint).

The Deeley court dealt with an analogous situation wherein the plaintiff filed a second amended complaint without first obtaining defendants' consent or leave of court, and defendants followed with a motion to strike. Deeley, 2010 WL 3239352, at *1. The plaintiff subsequently sought retroactive consent by defendants and leave of court to file the second amended complaint. Id. The Deeley court granted plaintiff's leave to file his second amended complaint, finding that plaintiff's filing "did not appear to be motived by some improper purpose such as purposeful delay, or bad faith" or appear to be futile on its face. Id. at *3.

Taking these factors into consideration, we do not find Plaintiffs' Second Amended Complaint to be motivated by improper purpose or futile on its face. In response to Defendant BWI's motion to dismiss for lack of jurisdiction, Plaintiffs have provided additional facts they believe are material to the issue of jurisdiction. Further, we do not find that Defendants will be prejudiced by the granting of Plaintiffs' motion for leave to file their Second Amended Complaint, as a retroactive motion requesting Leave to Amend has already been filed by Plaintiffs and Defendants have yet to answer the complaint. Similar to the finding in Deeley, Defendants can file an additional motion to dismiss "if that is how they wish to respond"; but filing an additional motion to dismiss "is insufficient to refuse plaintiff leave to file his second amended complaint." Id. (citing Thomas, 2008 WL 314373, at *4 ("Although defendants argue that they will be prejudiced by the requirement to file another motion to dismiss, such prejudice is not undue")).

Accordingly, Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 53) will be granted, and Plaintiffs' Second Amended Complaint (Doc. 36), will be deemed properly filed. Defendant BWI's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 30), Motion to Strike Plaintiffs' Second Amended Complaint (Doc. 43), and Motion to Grant Motion to Dismiss as Unopposed (Doc. 44) will be denied as moot. An appropriate order follows.