UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JULIE NUTT and KEITH NUTT, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 3:16-CV-0002 |
| | : | |
| v. | : | (Judge Kosik) |
| | : | |
| BEST WESTERN INTERNATIONAL, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

Before the Court is Defendant Best Western International's ("BWI") Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(2) (Doc. 66), and alternatively, Motion to Strike Pursuant to Fed.R.Civ.P. 12(f) (Doc. 66). Also before this Court are Defendants' Primer Hotel Management ("PHM") and Premier Hotel d/b/a Best Western ("PH"), Motion to Dismiss Allegations of "recklessness" and claims for punitive damages, and to strike averments in Plaintiff's Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f) (Doc. 68).

### I. BACKGROUND

On January 4, 2016, Plaintiffs initiated this action against the above-captioned Defendants by filing a complaint with this Court. (Doc. 1). Plaintiffs allege that they sustained personal injuries from carbon monoxide exposure on August 24, 2014, while staying at a Best Western Plus Scranton East Hotel & Convention Center, located in Dunmore, Pennsylvania ("Dunmore Hotel"). (Pltfs. Compl.). On May 12, 2016, Defendant BWI filed its first Motion to Dismiss for Lack of Jurisdiction. (Doc. 22).

On May 24, 2016, Plaintiffs filed an Amended Complaint (Doc. 26), thereby rendering Defendant's motion to dismiss, moot. Thereafter, Defendant BWI filed a Motion to Dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction. (Doc. 30). Plaintiffs' subsequently filed a Second Amended Complaint. (Doc. 36). Defendant BWI has renewed its motion for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, or, alternatively, to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Doc. 66).

BWI is a non-profit Arizona membership association, with its principal place of business in Phoenix, Arizona (Doc. 67, Ex. B., Pollack Aff., at ¶ 3). BWI licenses the use of the "Best Western" name and logo to its members, operates a cooperative reservation system, and engages in joint advertising on behalf of the membership. (Id.). BWI does not own, operate, manage or lease any member hotel or motel facility; all branded hotels, including the Dunmore Hotel, are independently owned and operated. (Id. at ¶ 4). Defendants PHM and PH do not contest jurisdiction, rather, they have filed motions to dismiss and to strike certain allegations and claims pursuant to Rules 12(b)(6) and 12(f) (Doc. 68).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. Pro. 8(a)(1). Plaintiff alleges subject-matter jurisdiction on the basis of diversity, which requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that all plaintiffs be diverse from all defendants. See 28 U.S.C. § 1332. Because diversity of citizenship is a jurisdictional requirement, it is within the exclusive purview of the court to determine whether diversity exists.

Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990).

In considering a motion to dismiss under Rule 12(b)(2), the court must accept all allegations in the complaint as true, and view all factual disputes in favor of the plaintiff. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). When ruling on a Rule 12(b)(2) motion, a court may review affidavits and other evidence submitted by the parties, since it "requires resolution of factual issues outside of the pleadings." Corr. Medical Care, Inc. v. Gray, 07-2840, 2008 WL 248977, at *5 (E.D. Pa. Jan. 30, 2008) (quoting Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66-67 n. 9 (3d Cir. 1984)). Once a defendant raises a Rule 12(b)(2) defense, the burden shifts to the plaintiff to "prov[e] by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)). When no evidentiary hearing on the jurisdictional issue has been held, "the plaintiff need only demonstrate a prima facie case of personal jurisdiction at the preliminary stages of litigation." Id. (citing O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007)). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.' " Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat. Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987)). "Plaintiffs cannot rely on general averments in the complaint or unsupported statements in their response, but must instead provide jurisdictional facts supported by affidavits or competent evidence to sustain their burden." Orazi v. Hilton Hotels Corp., Civ. No. 09-05959, 2010 WL 4751728, at *2 (E.D. Pa. Nov. 22, 2010).

### III. DISCUSSION

**A. BWI's Rule 12(b)(2) Motion**

BWI argues that the Court does not have general personal jurisdiction over it because it is not incorporated within Pennsylvania and its principal place of business is located in Arizona. BWI also argues that the Court does not have specific personal jurisdiction over it because the alleged cause of action does not arise from BWI's forum-related activities. Plaintiffs are silent as to whether this Court has general personal jurisdiction over BWI, but argue that the Court maintains specific personal jurisdiction over BWI because the allege cause of action arises from BWI's forum-related activities.

When the defendant raises a jurisdictional defense, the plaintiff must make a *prima facie* case of jurisdiction, by showing "that the cause of action arose from the defendant's forum-related activities (specific jurisdiction), or that the defendant has 'continuous and systematic' contacts with the forum state (general jurisdiction)." Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 554 (3d Cir. 1993). The plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.

A federal court in Pennsylvania has jurisdiction over parties, to the extent Pennsylvania's long-arm statute permits. Pennsylvania's long-arm statute authorizes jurisdiction, "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). The due process clause of the Fourteenth Amendment of the United States Constitution, requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction "comport[s] with fair play and substantial justice." Remick v.

Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).  "[M]inimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

**1. General Jurisdiction**

The Court first considers whether it has general jurisdiction over Defendant BWI.  BWI's Director of Member Care Administration, Cheryl Pollack, declares that BWI is an Arizona non-profit membership association with its principal place of business in Phoenix, Arizona, and that it does not operate any facilities in Pennsylvania.  (Doc. 67, Ex. B, Pollack Aff., at ¶¶ 1, 3, 11).  BWI further argues that it does not maintain an office within Pennsylvania, does not have bank accounts in Pennsylvania, and does not own real or personal property in Pennsylvania.  (Doc. 67, Br. in Support, at 18).  Plaintiffs do not provide any contrary argument or evidence refuting BWI's declarations.

A court has general jurisdiction over a defendant when the defendant possesses "continuous and systematic contacts with the forum[,]" regardless of the "claim's relationship to the defendants' in-forum contacts." In re Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d 538, 565 (M.D. Pa. 2009).  It is the Plaintiffs' burden to establish personal jurisdiction after a defendant raises a jurisdictional defense.

The Supreme Court has ruled on two general jurisdiction cases: Goodyear Dunlop Tires Operations, S.A. v. Brown, – U.S. – , 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) and Daimler AG

v. Bauman, – U.S. – , 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), making clear that for general jurisdiction purposes, the inquiry is not whether "a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the state are so "continuous and systematic" as to render [it] essentially at home in the forum State.' " Daimler, 134 S.Ct. at 761 (quoting Goodyear, 131 S.Ct. at 2851). In all but the most exceptional circumstances, a corporation is "at home" only in the two "paradigm [] ... bases for general jurisdiction": its state of incorporation and its principal place of business. Id. at 760-61.

In this case, Plaintiffs fail to meet their burden of showing that BWI is "at home" in Pennsylvania and thus, subject to general personal jurisdiction. Plaintiffs do not allege that BWI is incorporated or has its principal place of business in Pennsylvania. To the contrary, Plaintiffs allege that BWI's corporate address is Phoenix, Arizona and for "diversity of jurisdiction purposes, ... is considered a resident of ... Arizona." (Doc. 36, Pltfs.' Second Am. Compl., at ¶ 3). Moreover, despite the opportunity to respond to BWI's argument that this Court lacks general jurisdiction over it, Plaintiffs provide no counterargument or support, through affidavits or otherwise, that would detail the extent of BWI's operations in Pennsylvania. The mere allegations that BWI licenses its trade name and logo in Pennsylvania, maintains a reservation system which caters to citizens of Pennsylvania, and provides national advertising, without more, does not render BWI "at home" in Pennsylvania and subject it to general jurisdiction here. See e.g. Farber v. Tennant Truck Lines, Inc., 84 F. Supp. 3d 421, 424-25 (E.D. Pa. 2015) (defendant was not "at home" in Pennsylvania even where defendant paid taxes, employed workers, purchased supplies, and filed a corporate tax report in Pennsylvania); Campbell v. Fast Retailing

USA, Inc., Civ. No. 14-6752, 2015 WL 9302847, at *3 (E.D. Pa. Dec. 22, 2015) ("[t]he allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania") (citations omitted); Fields v. Ramada Inn, Inc., 816 F.Supp. 1033, 1037 & n. 3 (E.D. Pa.1993) (advertisements, promotional brochures and worldwide directories that listed franchise locations insufficient for general jurisdiction); Romero v. Holiday Inn, Civ. No. 98-2192, 1998 WL 961384, at * 2 (E.D. Pa Dec. 15, 1998) (stating "inclusion within a worldwide directory and the availability of reservations over a toll-free line, even when accompanied by contributions to a franchisor's national advertising campaign, do not demonstrate systematic and continuous contacts").

Moreover, while BWI's alleged affiliated entities that are independent owners/operators of hotels, may operate in Pennsylvania (Doc. 67, Ex. B, Pollack Aff., at ¶¶ 3, 4, 5, 9, 11-16), Plaintiffs offer no evidence that these organizations are "de facto [] a single, organic entity." In re Chocolate Confectionary Antitrust Litig., 602 F. Supp. 2d at 569. We will not impute the contacts attributed to these separate entities to BWI. See Daimler, 134 S. Ct. at 760 (rejecting general jurisdiction based solely on the presence of a foreign corporation's subsidiaries in a forum); Oddi v. Mariner-Denver, Inc., 461 F. Supp. 306, 309 (S.D. Ind. 1978) (holding that the mere fact a foreign corporation may have subsidiaries, franchisees or licensees in a state does not necessarily subject it to the jurisdiction of that state) (citations omitted); Farina v. Nokia, 578 F. Supp. 2d 740, 751-52 (E.D. Pa. 2008) (stating that a "licensee's contacts with a forum state are not, standing alone, enough to bring a licensor within the personal jurisdiction of the state") (citations omitted).

## 2. Specific Jurisdiction

The Court next considers whether it has specific jurisdiction over Defendant BWI. In determining whether the court has specific jurisdiction over a party, the court considers the following three factors: (1) whether the party purposefully directed its activities at the forum; (2) whether the causes of action arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, whether the exercise of jurisdiction otherwise comports with fair play and substantial justice. D'Jamoos ex el Estate of Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3d Cir. 2009) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 476 (1985); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007).

The first two parts of the test determine whether a defendant has the requisite minimum contacts with the forum. D'Jamoos, 556 F.3d at 102. The defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253 (1958). While a defendant's physical entrance into the forum is not necessary, a defendant's contacts must amount to "a deliberate targeting of the forum." O'Connor, 496 F.3d at 317; Burger King, 471 U.S. at 476. The "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. Hanson, 357 U.S. 253.

Plaintiffs contend that specific jurisdiction may be exercised over BWI as it has purposefully directed its activities at Pennsylvania residents. (Doc. 76, Pltfs. Br. In Opp., at p. 14). Specifically, Plaintiffs argue that BWI targeted advertising at residents of Pennsylvania, required its affiliates to maintain various standards, and offered an interactive reservation system on www.bestwestern.com. (Id. at 14-15). Plaintiffs, however, have not offered or supported

their allegations with any sworn affidavit or other competent evidence, and their brief in opposition to BWI's motion cannot serve to establish personal jurisdiction. Croyle v. Hutchison, Civ. No. 11-1141, 2012 WL 2358999, at *2 (W.D. Pa. June 20, 2012); (citing Nationwide Contractor Audit Serv., Inc. v. Nat'l Compliance Mgmt. Services, Inc., 622 F. Supp. 2d 276, 282 (W.D. Pa. 2008)).

Moreover, determining whether personal jurisdiction exists based on contact through an interactive website requires the court to assess the level of interactivity and commercial nature of the exchange of information, Croyle, 2012 WL 2358999 at *3, and it "must be shown that [the] 'web site targets a particular remote jurisdiction ...'." Planet Goalie, Inc. v. Monkeysports, Inc., Civ. No. 10-2629, 2011 WL 3876178 at *3 (M.D. Pa. Sept. 1, 2011) (internal citations omitted); Accuweather, Inc. v. Total Weather, Inc., 223 F. Supp. 2d 612, 616 (M.D. Pa. 2002) (stating that a website and toll-free number were not sufficient to establish personal jurisdiction in Pennsylvania) (citing S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc., 79 F. Supp. 2d 537, 540-41 (E.D. Pa. 1999)).

Here, Plaintiff has not shown that BWI purposefully directed or specifically targeted Pennsylvania residents with their advertising or website. Under the circumstances, without affidavits or other competent evidence, Plaintiffs' mere averment that they used a website to book a hotel room fails to meet the first element necessary in finding specific jurisdiction. Planet Goalie, Inc., 2011 WL 3876178 at *5 (declining to exercise specific jurisdiction where plaintiff failed to show that defendant's website specifically targeted Pennsylvania residents, even though nine percent of defendant's sales occurred in Pennsylvania).

In an attempt to support jurisdiction, Plaintiffs aver that by 1963, BWI was the largest

hotel chain with 699 member hotels and since then, has 2,707 hotels in North America alone. (Doc. 36, Pltfs' Sec. Am. Compl., at p. 4). Plaintiffs allege that as the "franchisor and brand manager, [BWI] has the means, ability, and right to control many aspects of the day-to-day operations of its brand hotels, including the right to require carbon monoxide detectors in guest rooms ...." (Id.). Plaintiffs thus conclude that such alleged activity by BWI shows that BWI has purposefully availed itself to the privilege of conducting activities within this forum and that the instant litigation arises out of or relates to its contact within this forum. (Doc. 76, Pltfs. Br. In opp., at pp. 13-14).

These facts, however, do not support specific jurisdiction over BWI. Plaintiffs provide no evidence that BWI owned, operated, controlled or had any relationship, beyond sharing a brand identity, with the in-forum Best Western hotel, independently owned and operated by Defendant, PHM. (Doc. 67, Ex. B, Pollack Aff., at ¶¶ 3, 4, 5, 9, 11-16). To the contrary, BWI declares that it acts as a cooperative marketing association, which licenses the use of the "Best Western" name and logo to its members, and BWI's members are independent owners/operators of the properties. (Id. at ¶ 3). The "Best Western" branded hotels are independently owned and operated and operate as such pursuant to a BWI Membership Application and Agreement.[1] (Id. at ¶ 4). The Dunmore Hotel is owned and operated by Defendant PHM, and BWI's relationship to PHM is that of an independent contractor. (Doc. 67, Ex. B1, Membership Agreement, at ¶ 17). Finally, BWI has no responsibility for the safety, use, condition, or operation of the hotel.

---

[1] The court notes that BWI declares in its affidavit that each "Best Western" branded hotel is required to display a plaque identifying the hotel as being independently owned and operated, that the disclaimer "Each Best Western branded hotel is independently owned and operated" appears on every page of the Best Western website (Doc. 67, Ex. B, Pollack Aff., at ¶¶ 15, 16), and at the bottom of Plaintiffs' reservation confirmation email (Doc. 36, Pltfs. Sec. Am. Compl., Ex A), there are disclaimers that the "Best Western" branded hotels are independently owned and operated.

(Id.).

It is the plaintiffs who must sustain their burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. Here, Plaintiffs have not made a prima facie showing of specific jurisdiction over BWI. We find that this Court lacks jurisdiction over BWI. Accordingly, BWI's motion to dismiss pursuant to Rule 12(b)(2) will be granted. Because we will grant BWI's motion for lack of personal jurisdiction, we need not consider its alternative motion to strike pursuant to Rule 12(f).

**C. Jurisdictional Discovery**

In their oppositional brief, Plaintiffs alternatively request that the Court allow them jurisdictional discovery "to procure additional proof of purposeful contacts with the forum." (Doc. 76, Pltfs. Br. In Opp., at p. 17). Plaintiffs, however, as set forth above, have not made the required threshold showing of the existence of the requisite contacts between BWI and Pennsylvania. See Mellong Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). Moreover, Plaintiffs fail to provide a request that is specific. See Toys "R" Us, Inc. V. Step Two, S.A., 318 F.3d 446, 458 (3d Cir. 2003). Given the Membership Application and Agreement produced by BWI, along with its supporting Affidavit, (Doc. 67, Ex. B), the Court fails to see how any further requested information, whatever that may be, would establish that this Court has proper jurisdiction over BWI. This request will be denied.

**D. PHM's and PH's 12(b)(6) and 12(f) Motions**

We now turn to Defendants PHM and PH's motions to dismiss for failure to state a claim per Rule 12(b)(6) and to strike averments 17-22 and 45 of Plaintiffs' second amended complaint per Rule 12(f). As a preliminary matter, before we delve into the merits of the arguments, we

address Plaintiffs' procedural argument concerning Defendants' failure to attach a certificate of concurrence or non-concurrence to their motion. Plaintiffs request that on this basis alone, we should deny Defendants' instant motion. However, because we find no resultant prejudice by this failure, we will not deny Defendants' motion merely on the basis that a certificate of concurrence or non-concurrence was not attached. See Curran v. Mark Zinnamosca & Assocs., Civ. No. 12-750, 2014 WL 271934, at * 3 (M.D. Pa. Jan. 23, 2014).

1. **12(b)(6) Motion**

A motion under Rule 12(b)(6) allows the defendant to raise the defense that the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original

and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

Defendants PHM and PH argue that Plaintiffs' claims for punitive damages are merely conclusions of law and bare allegations. (Doc. 69, Defs.' Br. In Supp., at p. 4). Further, Defendants PHM and PH argue that the term "recklessness" is used generally to describe the conduct of moving Defendants, but are unsupported by factual information within the complaint. (Id.). As tenuous as Plaintiffs' claims for punitive damages Defendants' may think, we believe Plaintiffs have set forth sufficient facts to support the same, especially at this early juncture. Accordingly, we will allow this claim to proceed to discovery.

**2. 12(f) Motion**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion.  See Snare & Triest v. Friedman, 169 F. 1, 6 (3d Cir. 1909); BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).

"Immaterial matter is that which has no essential or important relationship to the claim for relief.  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action.  Scandalous pleading must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.' "  Donnelly v. Commonwealth Fin. Sys., Civ. No. 07–1881, 2008 WL 762085, at *4 (M.D. Pa. Mar. 2008) (internal citations omitted).

Motions to strike are decided on the pleadings alone.  Hanover Ins. Co. v. Ryan, 619 F. Supp.2 d 127, 132 (E.D. Pa. 2007).  Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties.  See Hanover Ins. Co., 619 F. Supp. 2d at 133; Miller v. Group Voyagers, Inc., 912 F. Supp. 164, 168 (E.D. Pa. 1996).  In deciding the motion, a court should also consider the liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation.  See Hanover Ins. Co., 619 F.

Supp. 2d at 133; United States v. Consolidation Coal Co., Civ. No. 89–2124, 1991 WL 333694, at *1 (W.D. Pa. Jul. 5, 1991) (citing Kelley v. Thomas Solvent Co., 714 F. Supp. 1439, 1442 (W.D. Mich. 1989)).

Defendants PHM and PH ask the Court to strike paragraphs 17-22 and 45 of Plaintiffs' second amended complaint. Paragraphs 17-22 of the second amended complaint reference six separate incidents involving carbon monoxide issues at Best Western hotels throughout the country. Defendants assert that these paragraphs should be stricken as none of these incidents referenced in paragraphs 17-22 occurred at the Dunmore Hotel, and "have no regards for geographic scope ... [and] have no bearing on liability in this matter." (Doc. 69, Defs.' Br. In Support of Mot. To Dismiss, at p. 6).

Plaintiffs assert that Defendants PHM and PH, as "franchees" of BWI, are required to meet certain standards promulgated by BWI, and thus, knowledge of other "similar instances" is relevant. Although paragraphs 17-22 may contain scandalous and/or inadmissible assertions, the court will not strike such matters as wholly irrelevant. Paragraphs 17-22 are at least minimally related to Plaintiffs' claims of negligence. Similarly, paragraph 45, which alleges that the Dunmore Hotel was closed due to safety issues concerning fire protection and unsafe equipment, will not be stricken for the same reasons.

### IV. CONCLUSION

For the reasons set forth above, the Court will grant, in part, and deny, in part, BWI's Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(2) (Doc. 66). BWI's motion will be granted as to its dismissal from this action for lack of jurisdiction pursuant to Rule 12(b)(2). It will be denied as to BWI's alternative motion to strike

(Doc. 66), as moot.  Finally, Defendants PHM and PH's Motion to Dismiss and to Strike (Doc. 68), will be denied.  An appropriate order follows.